JOHN W. SCOTT ET AL.

V

JOHN MAGLOUGHLIN ET AL.

*Trust Deed—Foreclosure—Note—Consideration—Lack of—Fraudulent Conveyance—Alimony.*

1. A conveyance made by a husband for the purpose of defrauding a wife, seeking a divorce, of alimony or maintenance, can not stand.

Scott v. Magloughlin.

2. Equity will not foreclose a trust deed given with such an end in view.

[Opinion filed May 29, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. C. C. MARCH, for appellants.

Messrs. WILSON & ZOOK, for appellees.

GARNETT, P. J. The bill in this case, filed by John W. Scott, as trustee, against John Magloughlin, Robert Blair, William T. Blair and others, prays for a foreclosure of a trust deed, dated February 2, 1885, executed by Magloughlin and wife to Scott, to secure payment of Magloughlin's note of that date for $1,000. One of the defenses set up is that Robert Blair was the equitable owner in fee of the premises conveyed by the trust deed, and that the note and trust deed were executed at the instance of his attorney, William T. Blair, to protect the property for Robert's benefit, against his wife, who at the date of the transaction had a divorce suit pending against him.

The Superior Court found there was no consideration for the note, and dismissed the bill for want of equity. There was no lawful consideration for the note. The evidence in the record satisfies us that the purpose of making the note and trust deed was to guard the property against attack by Robert Blair's wife.

A conveyance made by the grantor for the purpose of defrauding his wife of alimony or maintenance, is so tainted that a court of equity will not enforce an agreement of the grantee, made at the same time, to hold the property in trust for the grantor. Tyler v. Tyler, 126 Ill. 525.

Equity will not foreclose a mortgage executed to defraud creditors of the mortgagor. Miller v. Marckle, 21 Ill. 152. That the claims of a wife to maintenance stand on the same

footing as the claims of creditors, can admit of no doubt since the decision in Tyler v. Tyler.

The transfer of the note by *mesne* assignments to Albert B. Clark, one of the appellants, vests in him no greater right, in a suit to foreclose the trust deed, than the original holder had.    Olds v. Cummings, 31 Ill. 188, and numerous other cases, decided since, concur in this rule.    It is not necessary to examine any other of the questions argued.    The decree is affirmed.

*Decree affirmed.*